Haight, J.
This action is ejectment for the recovery of the lands and tenements known as the Wagner Steamboat Dock Lot and Pier, situated at or near the foot of Pine street in the village of Penn Yan. The answer admits that the plaintiff has some interest in some portion of the premises mentioned in the complaint, and to which portion the plaintiff is entitled to possession, and denies that at the time of the commencement of the action, or at the time of the demand of the possession, that it refused possession thereof. A former action was brought in the supreme court by this plaintiff against the defendant to recover the possession of this pier and dock. Issue was joined and the case was tried, resulting in a judgment for the plaintiff, which was affirmed in this court (37 Hun, 9). Plaintiff’s lease, upon which that action was based, having expired on the 21st day of February, 1883, Henry N. Wagner executed and delivered to W. L. Hosley a lease of a tract of land situate in the village of Penn Yan on the bank of Lake Keuka, an outlet running northerly along the bank of the outlet at the water’s edge, together with the pier or dock in question, for the term of five years from the 1st day of March, 1884. This lease was assigned to the plaintiff, and then this action was brought on the 12th day of April, 1884. The former action sustained Wagner’s title to the premises, and the lease executed by him, under which the plaintiff claimed possession in that action. We shall not, therefore, enter upon any further discussion of the Wagner title; _ in fact we do not understand it to be seriously questioned by the appellant. The appellant claims the right to occupy some portion of the pier in question as the lessee of Charles V. Bush, and the chief question of fact in controversy is over the boundary line between Bush and Wagner. The monument fixed in the deed is a pine stump upon the bank of the outlet, and the conflict in the testimony is over the location of this stump. The testimony given on behalf of the plaintiff tends to show that the stump stood at the southeast corner of the pier; that it had an iron pin driven in the top of it, and that upon digging down in the ground about two feet a pine stump was lound having an iron pin in it. It was claimed on behalf of the defendant that the stump which was the boundary line stood about five feet further north, and that consequently five feet of the pier stood upon Bush’s lot; but when the stump was dug for at this place none could be found. The referee has found as a fact that the stump found was the *382 boundary stump, and that no part of the pier was consequently upon the Bush lot. The evidence, though conflicting, was ample to sustain the finding of fact in this regard.
The defendant also presents a lease from George Wagner, as one of the surviving executors of Abram Wagner, deceased, in which he pretends to lease to the defendant the land under water in the outlet upon which the pier in question stands. Abram Wagner was the original owner of all the lands in question, including the land under the water of the outlet. Henry N. Wagner was one of his sons. Abram Wagner died leaving a last will and testament in which he appointed three executors. The residuary clause in the will (being the cause affecting the lands in question),' devised and bequeathed all the rest and residue of his estate, both real and personal, not before devised or bequeathed, unto his heirs-at-law, to be equally divided between them , and then provided that in case his heirs could not agree on a division of the property, he ordered and directed and empowered his executors within a reasonable time after his decease to s&E and dispose of the same for the best price they could obtain and to divide the proceeds among his heirs-at-law. Abram Wagner died in 1853 upwards of thirty years ago.
It will be observed that the executors were only given a power of sale. The title was not vested in them. This power of sale was only to be executed upon condition that the heirs were unable to make a division among themselves. It was then to be executed within a reasonable time after his death. The will further provided that the power or authority given by it to executors should be possessed and exercised by a majority of such executors. At the time this lease was executed one of the executors had died; the other two still survived. It was executed, as we have seen, by but one of the executors, and that, thirty years after the death of the testator. It was not a sale as required by the will so that the proceeds could be distributed among the heirs-at-law, but was a lease for a term of years. We do not think such lease was authorized by the provisions of the will, or that this executor had the power to give it. The other questions pertaining to the defendant’s title are discussed in the opinion of this court in the former action and require no further comment.
Again it is claimed on behalf of the appellant that the plaintiff must recover upon the strength of its own title ; that Henry N. Wagner was not the owner of the lands underneath the water of the outlet, and for this reason the plaintiff cannot recover. The Henry N. Wagner deed wa dated in 1853, and was bounded on the water front by the bank of the outlet at the water's edge. He derived title *383 through the executors of his father, Abram Wagner. The deed to Abram Wagner conveyed land under the water of the outlet. The heirs-at-law of Abram Wagner have executed leases to the plantiff of such lands. The evidence shows, and the referee has found, that for more than twenty years after the conveyance to Henry N. Wagner, he used, occupied and enjoyed the waters of the outlet adjacent to and opposite his premises, and the lands thereunder, for the purposes of a dock, boat-houses and pier, and received the rents and profits of the dock, boat-houses, piers and appurtenances thereto as his own exclusive property, and no claim thereto or to any part thereof was ever made by the heirs and devisees of Abram Wagner. It is consequently claimed by the plaintiff that so far as the heirs of Abram Wagner are concerned, that Henry JSf. Wagner had acquired title by adverse possession and that his lease to the plaintiff in this action of such pier standing upon the land underneath the water, is good and valid. But the heirs of Abram Wagner are not here questioning that. lease. On the contrary they have joined in a lease to the plaintiff of the same lands.
Keuka lake is one of the small fresh water lakes in the interior of the state where the tide does not ebb and flow. It is navigable by small vessels. The lands in question are in the outlet of the lake and are at the point, as we understand, where navigation terminates. The rule is that riparian owners of lands adjoining fresh water, non-navigable and navigable streams, and small lakes, within the state, take title to the land underneath the water abutting upon their premises. The public has an easement in such waters for the purposes of travel as upon a public highway, which easement, as it pertains to the sovereignty of the state, is inalienable, and gives to the state the right to use, regulate and control the waters for the purposes of navigation. Smith v. City of Rochester, 92 N. Y., 463. Wagner being the owner of the lands abutting upon the outlet would consequently be deemed the owner of the thread of the stream and have the right to use it subject to the public easement.
But again, it is claimed that this pier is constructed in a public highway, and that consequently the public has the right to use it. But the case of Wetmore v. The Brooklyn Gaslight Co. (42 N. Y., 384) disposed of this question, for it was in that case held that the public had no right to use wharves or piers erected by the owners of land adjacent to navigable waters, although such wharves extend below low water mark and were erected without the consent of the state; that if the state sees fit to permit such structures *384 to remain, no private individual has any right of entry upon them without the consent of the owners.
Again, it is insisted that the pier is personal property. It was constructed upon piles driven into the earth. It was built by Wood, a tenant of Wagner. After Wood’s lease expired the pier became Wagner's. The title of the structure consequently vested in the same person who was the owner and had the right to use the land. We are, consequently, of the opinion that ejectment may properly be maintained to recover the possession of it. It is an open, visible, fixed, immovable structure, located at the point indicated in the complaint, and we regard the description given as sufficient to enable the sheriff or other person to make delivery.
We discover no errors in the admission or rejection of evidence, or in the findings or refusals to find that will affect the result.
The judgment should consequently be affirmed.
So ordered.
Bradley and Lewis, JJ., concur.